UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GERARD M. PENNEY and<br>DONNA PENNEY, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 16-cv-10482-ADB |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, et al., | * * * | |
| Defendants. | * * | |

## **ORDER**

BURROUGHS, D.J.

On August 1, 2018, the Court denied Ocwen's motion for summary judgment on the last remaining count of the Amended Complaint and granted in part Deutsche Bank's motion for summary judgment on Counts III and IV of the Counterclaims. [ECF No. 70]. As more fully discussed in the opinion, the Court held that the H&R Mortgage shall be equitably subrogated up to the amount of the funds used to satisfy the Ameriquest Mortgage. [ECF No. 70 at 19]. The Court noted that Deutsche Bank's motion did not address the effect of the Plaintiffs' homestead declarations on the subrogation of the H&R Mortgage, and invited the parties to address the homestead issue at trial. [ECF No. 70 at 19 n.6]. Deutsche Bank then filed a motion to decide the homestead issue before trial. [ECF No. 72]. At a status conference held on August 30, 2018, neither party objected to treating Deutsche Bank's filing as a second motion for summary judgment on this discrete question which bears on Deutsche Bank's interest in the property following equitable subrogation. [ECF No. 74].

1

Under Massachusetts law, "[a]n estate of homestead shall be exempt from the laws of conveyance, descent, devise, attachment, seizure, execution on judgment, levy and sale for payment of debts or legacies except . . . for a lien on the home recorded prior to the creation of the estate of homestead . . . [or] . . . for a mortgage on the home as provided in sections 8 and 9" of Chapter 188. M.G.L. c. 188, § 3. Section 8 provides that "[n]o estate of homestead shall affect a mortgage, lien or other encumbrance previously existing . . . ." Id. § 8. Section 9 further states that "[a]n estate of homestead shall be subordinate to a mortgage encumbering the home executed by all the owners of the home," and "[a] mortgage executed by fewer than all of the owners of a home that is subject to an estate of homestead shall be superior only to the homestead estate of the owners who are parties to the mortgage and their non-titled spouses and minor children, if any." Id. § 9.

Here, it is undisputed that (1) the Ameriquest Mortgage was granted in September 2004; (2) the H&R Block Mortgage was granted in July 2005; (3) Gerard Penney executed a declaration of homestead in October 2006; and (4) Gerard Penney executed a declaration of homestead on behalf of Donna Penney in June 2016. [ECF No. 73 at ¶¶ 2−3, 16]; [ECF No. 59-6]. Deutsche Bank argues that the homestead declarations have no bearing on its rights following equitable subrogation, because the H&R Block Mortgage takes the priority position of the Ameriquest Mortgage, which was executed by both owners of the property (the Plaintiffs), and both mortgages were executed prior to the homestead declarations. Plaintiff acknowledges that the "H&R Block Mortgage steps into the shoes of the Ameriquest Mortgage as far as priority over other interests/liens on the property, including any homestead declarations, in the amount of the H&R Block Mortgage proceeds that were used to pay off the Ameriquest Mortgage," and that "[w]ith respect to [Donna Penney's] homestead interest, the H&R Block Mortgage, owned

2

by Deutsche Bank[,] is subrogated to the position of the Ameriquest Mortgage—a mortgage 'executed by all the owners of the home,' in the words of G.L. c. 188, § 9." [ECF No. 75 at 5]. Thus, the homestead declarations do not impact the priority of Deutsche Bank's interest in light of the Court's ruling on equitable subrogation.

Although Plaintiff describes the summary judgment decision [ECF No. 70] as "fair and just," she appears to request that the Court take some action to protect her interests such that Deutsche Bank would only enforce their rights against Gerard Penney. In support of her request, Plaintiff speculates about why the original lender allegedly ignored her interests when granting the loan based on Gerard's representations, and emphasizes her health condition and Defendants' failure to prove the existence of a 2003 power of attorney. Although the Court sympathizes with Ms. Penney and denied summary judgment on Count I of the Amended Complaint for many of the reasons noted in her opposition brief [ECF No. 75], she herself acknowledges, "[t]he fact that [she] did not authorize her husband to sign on her behalf, or that Gerard [Penney] did sign on her behalf without her authorization, would have no effect as Deutsche Bank had requested and was granted the relief of 'stepping into the shoes' of [the] Ameriquest Mortgage [holder] and it would be legally correct that there would be an equitable lien as against the [Penneys] for . . . $334,805.64." [ECF No. 75 at 4]. Although the parties themselves might reach a resolution on this issue, Plaintiff provides no basis at this time for the Court to grant her relief.

**SO ORDERED.**

September 21, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE